Todd Krakower, Esq.
Krakower DiChiara LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656
Telephone: 201-746-6333
Fax: 347-765-1600

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**
-------------------------------------------------------x

PASQUALE ALBERGO,

                              **Plaintiff,**

          -against-

JERRY'S OUTLET, INC. D/B/A JERRY'S HOMEMADE,

                              **Defendant.**
-----------------------------------------------------------x

**COMPLAINT**

Civil Action No. _____

**July Trial Demanded**

      Plaintiff Pasquale Albergo ("Plaintiff"), by and through his attorneys, Krakower DiChiara LLC, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendant JERRY'S OUTLET, INC. d/b/a JERRY'S HOMEMADE ("Defendant"), and alleges as follows:

**INTRODUCTION**

    1.    Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-4.1 *et seq.*, ("NJWHL").

    2.    Plaintiff seeks economic, compensatory, liquidated damages, attorneys' fees,

1

punitive damages, and other appropriate legal and equitable relief pursuant to federal law.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

## PARTIES

**Defendant**

**Defendant Jerry's Outlet, Inc. d/b/a Jerry's Homemade ("Jerry's Homemade")**

7. Defendant Jerry's Homemade is a domestic corporation with a main business address at 410 South Dean Street, Englewood, NJ 07631, in Bergen County.

8. At all times relevant to this Complaint, Defendant (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

9. At all times relevant to this Complaint, Defendant was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

10. At all times relevant to this Complaint Defendant was and is an employer within the meaning of the NJWHL, N.J.S.A. 34:11-56a1(g), and employed employees, including Plaintiff.

**Plaintiff Pasquale Albergo**

11. Plaintiff is a resident of New Jersey.

### FACTUAL ALLEGATIONS

12. Defendant did the following acts knowingly and willfully.

13. Plaintiff was employed by Defendant in the deli from 2008 to April 2015.

14. At all times relevant to this Complaint, Plaintiff was employed in a non-overtime exempt position and performed associate duties at the deli counter.

15. At all times relevant to this Complaint, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

16. Plaintiff was scheduled to work the following hours: Sunday 7am-2:30pm; Monday 7am-7pm; Tuesday 7am-7pm; Wednesday 7am-12pm; Thursday 7am-7pm; Friday 7am-7pm; Saturday 7am-7pm.

17. In addition to the scheduled work hours, Defendant required Plaintiff to arrive at work before his shift was scheduled to begin.

18. In addition to the scheduled work hours, Defendant required Plaintiff to work after his scheduled end time.

19. Plaintiff routinely worked approximately 74 hours per week.

20. Plaintiff was not compensated time and a half for hours worked in excess of forty (40) per week.

21. Throughout Plaintiff's employment, Defendant failed to pay Plaintiff for all hours worked in violation of the FLSA and NJWHL.

22. Throughout Plaintiff's employment, Defendant failed to pay Plaintiff overtime wages for hours works in excess of forty (40) in a workweek in violation of the FLSA and NJWHL.

**FIRST CAUSE OF ACTION**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**

23. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

24. At all times relevant to this action, Defendant was engaged in commerce or the production of goods for commerce within the meaning of the FLSA and/or were employed in an enterprise engaged in commerce for the production of goods for commerce within the meaning of the FLSA.

25. Throughout the statute of limitations period covered by these claims, Plaintiff

regularly worked in excess of forty (40) hours per workweek.

26. At all relevant times, Defendant had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff at one and one half times the regular rate at which he was employed for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff was entitled to overtime.

27. At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiff the required overtime rates, one and a half times the regular rate at which he was employed for hours worked in excess of forty (40) hours per workweek.

28. Defendant's actions were willful within the meaning of the FLSA.

29. Defendant's failure to comply with the FLSA overtime provisions caused Plaintiff to suffer loss of wages and interest thereon.

30. Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**(Violations of the NJWHL, N.J.S.A. § 34:11-56a, *et seq.*– Unpaid Wages)**

31. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

32. At all times relevant to this Complaint Defendant was and is an employer within the meaning of the NJWHL, N.J.S.A. 34:11-56a1(g), and employed employees, including Plaintiff.

33. Throughout the statute of limitations period covered by these claims, Plaintiff worked hours for which he was not paid.

34. At all relevant times, Defendant had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff the regular hourly rate for work done for Defendant, and willfully failing to keep records required by the NJWHL even though Plaintiffs was entitled to pay for the hours he spent working for Defendant.

35. Defendant's failure to comply with the NJWHL caused Plaintiff to suffer loss of wages and interest thereon.

36. Due to Defendant's NJWHL violations, Plaintiff is entitled to recover unpaid wages and interest owed on unpaid wages held by Defendant over an extended period of time, as well as reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (NJWHL Overtime Violations, N.J.S.A. § 34:11-56a, *et seq.*)

37. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

38. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

39. At all relevant times, Defendant operated under common policies, plans and practices of willfully failing and refusing to pay Plaintiff at one-and-one-half times his regular rate for work in excess of forty (40) hours per workweek, even though Plaintiff was entitled to overtime.

40. At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiff at the required state law overtime rate for hours worked in excess of forty (40) hours per workweek.

41. Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, as well as any and all available statutory and/or punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered on his behalf in accordance with the above claimed causes of action and requests the following:

A. All compensatory and economic damages;

B. All reasonable expenses incurred by Plaintiffs, including court costs and other relief, both in law and equity, to which Plaintiff may show herself justly entitled;

C. Attorneys' fees, including attorneys' fees as provided by statute;

D. Punitive and statutory damages as authorized by law;

E. Pre-judgment and post-judgment interest; and

F. Such further relief as the Court finds just and proper.

| | |
|---|---|
| Dated: Park Ridge, New Jersey<br>January 4, 2017 | Respectfully submitted,<br><br>**KRAKOWER DICHAIRA LLC**<br><br>By:<br><br> s/ Todd Krakower <br> Todd J. Krakower<br><br>One Depot Square<br>77 Market Street, Suite 2<br>Park Ridge, New Jersey 07656<br>201-746-6333<br>347-765-1600 (fax)<br><br>*Attorneys for Plaintiff* |

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.